IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID LEE WHITE,

    Petitioner,                    No. CIV-S-02-1125 GEB KJM P

    vs.

GAIL LEWIS,                             <u>ORDER AND</u>

    Respondent.                <u>FINDINGS AND RECOMMENDATIONS</u>

                              /

          Petitioner is a state prisoner proceeding with an application for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner has filed a motion for leave to file an amended application. For the reasons that follow, petitioner's motion will be denied and the court will proceed to the merits of petitioner's original habeas application.

I. <u>Motion To Amend</u>

          Petitioner has asked for leave to file an amended application. Respondent asserts, and petitioner in his reply does not dispute, that petitioner has not exhausted state court remedies with respect to his proposed new claims despite the fact that petitioner has been warned twice previously that he may not proceed on claims in this court unless they first have been rejected by the California Supreme Court. <u>See</u> Orders dated March 23, 2004 and May 11, 2004. Petitioner's motion to amend is frivolous and will be denied.

1

## II. Merits of Petition

### A. Background

Petitioner is currently serving a sentence of thirty-years-to-life imprisonment. Petitioner received this sentence after pleading no contest in Nevada County to burglary and admitting a sentence enhancement under California Penal Code section 667(a). Petitioner was represented by counsel at the time he entered his guilty plea. Petitioner did not appeal his plea or sentence. Petitioner sought collateral relief in the California courts. In this action, petitioner presents four grounds for relief, all of which have been exhausted.

### B. Availability Of Habeas Corpus Relief

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a).

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Although "AEDPA does not require a federal habeas court to adopt any one methodology," Lockyer v. Andrade, 538 U.S. 63, 71 (2003), there are certain principles that guide its application.

First, the "contrary to" and "unreasonable application" clauses are different. As the Supreme Court has explained:

/////

/////

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002). It is the habeas petitioner's burden to show the state court's decision was either contrary to or an unreasonable application of federal law. Woodford v. Visciotti, 537 U.S. 19, 25 (2002). It is appropriate to look to lower court decisions to determine what law has been "clearly established" by the Supreme Court and the reasonableness of a particular application of that law. See Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 2000).

Second, so long as the state court adjudicated petitioner's claims on the merits, its decision is entitled to deference, no matter how brief. Lockyer, 538 U.S. at 76; Downs v. Hoyt, 232 F.3d 1031, 1035 (9th Cir. 2000). The court will look to the last reasoned state court decision as the basis for the state court judgment. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002), cert. dismissed, 538 U.S. 919 (2003).

Third, in determining whether a state court decision is entitled to deference, it is not necessary for the state court to cite or even be aware of the controlling federal authorities "so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8 (2003). Moreover, a state court opinion need not contain "a formulary statement" of federal law, so long as the fair import of its conclusion is consonant with federal law. Id.

/////

/////

3

C. Arguments And Analysis

1. Interrogation (Ground One)

Petitioner's first claim is that Nevada County police officers obtained statements from him without counsel being present, despite the fact that petitioner demanded that counsel be present. Pet. at 8. Petitioner also asserts that the statements he made to the officers were involuntary because he was being treated with psychiatric medication and the officers coerced petitioner with threats and promises. Id. As noted above, petitioner was represented by counsel at the time of his guilty plea. See Answer, Ex. N. In Tollett v. Henderson, 411 U.S. 258, 266-67 (1973), the Supreme Court held those who have pled guilty with the advice of counsel may not assert federal habeas claims concerning the deprivation of Constitutional rights that occurred prior to the entry of the guilty plea. Under Tollett, petitioner's first claim is waived.

2. Ineffective Assistance Of Counsel (Ground Two)

Next, petitioner claims that his trial counsel was ineffective for failing to challenge the admissibility of his statements during interrogation, when he was unrepresented. Pet. at 8-9. In Moran v. Godinez, 57 F.3d 690, 700 (9th Cir. 1994), the Ninth Circuit held that a habeas petitioner's contention that his attorneys were ineffective because they failed to attempt to prevent the use of his confession is the assertion of an alleged pre-plea constitutional violation barred under Tollett. The Ninth Circuit's ruling in Moran precludes this court from granting petitioner relief on his claim of ineffective assistance of counsel.

3. Ex Post Facto / Bill Of Attainder (Ground Three)[1]

Petitioner asserts that his sentence violates the Constitution's ban on ex post facto laws and bills of attainder, because a conviction obtained by petitioner prior to enactment of

---

[1] Under the heading "ground three" petitioner also makes the following allegation: "petitioner was charged with enhancement Cal. P.C. 667(a) brought and tried separately–but petitioner was enhanced under Ca.P.C. 667(B-I)(1170.12) not the original enhancement." Pet. at 9. This allegation, by itself, does not amount to the violation of any right arising under either federal or state law. In any case, again, by pleading guilty, petitioner waived the assertion of the violation of any rights that occurred prior to the entry of his plea. Tollett, 411 U.S. at 267.

California's "Three Strike's Law" was used as a "strike." Pet. at 9.

With respect to petitioner's ex post facto claim, the Ninth Circuit has found that as long as a sentence enhancement statute is in effect at the time of the triggering offense, it is not an ex post facto violation to allow a sentence to be enhanced under that statute by using an offense committed before enactment. See, e.g., U.S. v. Ahumada-Avalos, 875 F.2d 681, 683-84 (9th Cir. 1989).

On its face, petitioner's sentence does not qualify as a bill of attainder, which is a legislative act prescribing punishment without trial of a specific person or group. Black's Law Dictionary (8th ed. 2004).[2] Cf. Jackson v. Nelson, 435 F.2d 553 (9th Cir. 1971) (rejecting summarily bill of attainder claim in context of pre-three strikes recidivist sentencing case).

### 4. Refusal To Strike Prior Conviction (Ground Four)

Finally, petitioner argues the trial court erred by failing to strike from consideration at sentencing one of petitioner's prior convictions used to enhance his sentence. Petitioner fails to allege that the trial court's action violated rights arising under the Constitution or other federal laws. Pet. at 9. Therefore, under 28 U.S.C. § 2254(a), petitioner is not entitled to relief on his fourth claim. See Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (errors by state courts in applying state sentencing laws do not provide basis for habeas relief).

### D. Conclusion

Based on the foregoing, the court will recommend that petitioner's application for writ of habeas corpus be denied. Petitioner's request in his traverse that the court hold an

---

[2] In his traverse, petitioner argues for the first time that: (1) using his 1992 conviction to enhance his current sentence violates the plea agreement that preceded the 1992 conviction; and (2) petitioner's "Three Strikes" sentence violates the Double Jeopardy Clause of the Fifth Amendment. Traverse (filed 9/16/02) at 9:22-11:9. It is not proper to raise new arguments in a traverse. Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994). In any case, petitioner fails to point to any specific language contained in his 1992 plea agreement suggesting his current sentence breaches that agreement. Also, it is well established that using earlier crimes to enhance sentences on subsequent crimes does not violate the "Double Jeopardy Clause" of the Fifth Amendment. See Witte v. United States, 515 U.S. 389, 400 (1995).

evidentiary hearing, Traverse (filed 9/16/02) at 11:17, will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's November 22, 2004 motion for leave to file an amended application for writ of habeas corpus is denied; and

2. Petitioner's request that the court hold an evidentiary hearing is denied.

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 30, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

1  
whit1125.157